# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2856
_____

United States of America

*Plaintiff - Appellee*

v.

Shajuan Orlando Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 10, 2023
Filed: June 30, 2023
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Shajuan Orlando Johnson pleaded guilty to possessing a firearm as a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), 922(g)(9), and 924(a)(2).

At sentencing, the district court[1] determined that Johnson's base offense level was 24 because he had previously sustained felony convictions of a crime of violence and of a controlled substance offense. See U.S.S.G. § 2K2.1(a)(2) (base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense").

Johnson argues that his 2013 conviction of possession of marijuana with intent to deliver, in violation of Iowa Code § 124.401(1)(d), categorically does not qualify as a controlled substance offense. The definition of "marijuana" under Iowa law in 2013 included hemp, but by the time he was sentenced for the federal firearm offense in 2022, neither Iowa nor federal law considered hemp a controlled substance. Johnson thus argues that his statute of conviction is overbroad and that his base offense level should have been 20. See U.S.S.G. § 2K2.1(a)(4)(A) (base offense level of 20 "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense").

In United States v. Bailey, we held that the defendant's "prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance offenses." 37 F.4th 467, 470 (8th Cir. 2022) (per curiam) (quoting United States v. Jackson, No. 20-3684, 2022 WL 303231 (8th Cir. Feb. 2, 2022) (per curiam)), *cert. denied*, 2023 WL 3158390 (May 1, 2023). Bailey forecloses Johnson's argument.

The judgment is affirmed.

_____

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.